**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

TERRANCE COLLIER,

      Plaintiff,

      v.                       CAUSE NO. 3:26-CV-359-TLS-JEM

BUZZARD, MCGILLEM, M CONTRELL,
THORNBERRY, FARRELL, and
MOLANSKI,

      Defendants.

**OPINION AND ORDER**

Terrance Collier, a prisoner without a lawyer, filed a complaint alleging he was placed in

segregation and denied visitation even though he was found not guilty of a prison disciplinary

charge. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint

and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief against a defendant who is immune from such relief.

Collier alleges he was found not guilty of a conduct report but nevertheless held in

segregation and denied visitation. It is understandable why he believes this is wrong, but the

Constitution does not create a due process liberty interest in avoiding transfer within a

correctional facility or remaining in the general prison population. *Sandin v. Conner*, 515 U.S.

472 (1995). An inmate is entitled to due process protections only when the more restrictive

conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life." *Id*. at 484. "After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (cleaned up). Moreover, inmates do not have a liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 772 (7th Cir. 2008) and *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). Only placement in long-term segregation can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *Marion v. Columbia Corr. Inst*., 559 F.3d 693, 698-99 (7th Cir. 2009).

This complaint does not state a claim for which relief can be granted. If Collier believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Additionally, Collier filed an in forma pauperis motion on which he declared under penalty of perjury that he "attached an official copy of [his] prisoner trust fund account statement

showing every transaction for the last six months," but he did not. ECF 2. If he wants to proceed in forma pauperis, he must file his ledger.

For these reasons, the court:

(1) GRANTS Terrance Collier until **April 22, 2026**, to file an amended complaint; and

(2) CAUTIONS Terrance Collier if he does not respond by the deadline, he will be denied leave to proceed in forma pauperis and this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 20, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3